PREET BHARARA
United States Attorney for the
Southern District of New York
By: JASON P. HERNANDEZ
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1024



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                               :
UNITED STATES OF AMERICA,      :

      Plaintiff,               :

      - v. -                   :

$126,794 IN UNITED STATES      :
CURRENCY,                      :

      Defendant-in-rem.   :
------------------------------x

VERIFIED COMPLAINT

10 Civ.

     Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

     1.   This an action by the United States of America seeking forfeiture of $126,794 in United States currency (the "Defendant Currency"). The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the federal narcotics laws. Furthermore, Defendant Currency is subject to

forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as money from specific unlawful activity, as defined in 18 U.S.C. § 1956(c)(7), which includes any act involving bribery which is chargable under state law and punishable by imprisonment for more than one year

## II. JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York, and, pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found and seized in the Southern District of New York.

4.   The Defendant Currency is presently in the custody of the Internal Revenue Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5.   On or about June 3, 2009, a search warranted was executed by officers of the New York City Police Department ("NYPD") at 410 East 173rd Street, Second Floor, Bronx, New York (the "Search Location").

6.   While conducting the search of the Search Location, a NYPD officer found $126,794 in United States Currency (the "Defendant Currency") and large quantities of controlled substances, including oxycontin, oxycodone, roxicodone, methadone, bisacodyl, lamotigine, and cephalexin (the "Controlled

2

Substances"). The Defendant Currency and the Controlled Substances were found by the NYPD in a closet in the Search Location. The Defendant Currency was banded and bundled in increments of one-thousand dollars which is indicative that the Defendant Currency was involved in or was the proceeds of drug trafficking.

7.   Francisco Zapata was the only person in the Search Location when the NYPD executed the search warrant. After the NYPD officers found the Defendant Currency and the Controlled Substances, Zapata asked to speak to the NYPD officers privately and said, in sum and substance, that the officers could have Zapata's money, which totaled more than $100,000, if the officers let Zapata go.

8.   Francisco Zapata was arrested by the NYPD and charged with, among other things, criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16, a Class B felony, and bribery of a public servant in violation of New York Penal Law § 200.03, a Class C felony.

III. FIRST CLAIM FOR FORFEITURE

9.   The allegations contained in paragraphs one through eight of this Verified Complaint are repeated and realleged as if fully set forth herein.

10.   Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled

3

substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate violations of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

11.   The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate violations of the federal narcotics laws.

12.   By reason of the foregoing, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

IV.   SECOND CLAIM FOR FORFEITURE

10.   The allegations contained in paragraphs one through eight of this Verified Complaint are repeated and realleged as if fully set forth herein.

11.   Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture:

> "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specific unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

12.   18 U.S.C. § 1956(c)(7)(A) provides that the term

4

"specified unlawful activity" includes "any act or activity constituting an offense listed in section 1961(1) of this title". Section 1961(1) includes "any act . . . involving . . . bribery . . . which is chargable under State Law and punishable by imprisonment for more than one year."

13.   New York Penal Law § 200.03 states, in relevant part:

> A person is guilty of bribery in the second degree when he confers, or offers or agrees to confer, any benefit valued in excess of ten thousand dollars upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced. Bribery in the second degree is a class C felony.

Pursuant to New York Penal Law § 70.00, for a Class C felony, the "maximum term of an indeterminate sentence shall be at least three years" and "shall not exceed fifteen years."

14.   By reason of the foregoing, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C).

5

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law and that this Court grant plaintiff such further relief as this Court may deem just and proper together with the costs and disbursements in this action.

Dated:    New York, New York
          January 21, 2010

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Plaintiff
                              United States of America

                    By:     _____
                            JASON P. HERNANDEZ
                            Assistant United States Attorney
                            One St. Andrew's Plaza
                            New York, New York 10007
                            (212) 637-1024

6

VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK        :
SOUTHERN DISTRICT OF NEW YORK )

     WILLIAM MCCABE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief.

     The sources of deponent's information and the grounds of his belief are official records and files of the New York City Police Department and information obtained directly by deponent during an investigation of alleged violations of the narcotics and bribery laws of New York.

                              *Det William McCabe*
                              WILLIAM MCCABE
                              Detective
                              New York City Police Department

Sworn to before me this
21st day of January 2010

*Lesley B. Glenn*
Notary Public
LESLEY B. GLENN
Notary Public, State of New York
No. 31-4654637
Qualified in New York County
Commission Expires **6/30/11**

7